[No. 8791. Department One.—November 19, 1885.]

## GEORGE W. DENT, APPELLANT, v. GEORGE BIRD ET AL., RESPONDENTS.

DEED—CONSTRUCTION—PAROL EVIDENCE.—In an action to quiet title, the defendants offered in evidence a deed which purported to convey a tract of land including the premises in controversy, but contained no mention of the quantity of land embraced therein. The plaintiff objected to the introduction of the deed, and to sustain his objection offered to prove by parol that at the time the deed was executed, the tract was supposed to contain a less quantity of land than it actually did, and that the deed was not intended to convey the land in controversy. *Held,* that the evidence offered by the plaintiff did not go to the admissibility of the deed, but to its effect, and that the terms of the deed could not be varied or contradicted by such evidence.

APPEAL from a judgment of the Superior Court of the county of Alameda, and from an order refusing a new trial.

Action to quiet title. The remaining facts are stated in the opinion of the court.

*John T. Humphreys,* and *Geo. W. Tyler,* for Appellant.

*B. S. Brooks, George Leviston, Mastick, Belcher & Mastick,* and *Greathouse & Blanding,* for Respondents.

Ross, J.—The subject of this controversy is a part of that portion of the Rancho San Antonio, situated in what is now the county of Alameda, which was confirmed and patented by the United States government to Antonio Maria Peralta, under whom both plaintiff and defendants claim title, defendants through a deed executed by Peralta on the 23d of October, 1851, to William A. Chipman and Gideon Aughinbaugh, and plaintiff, by virtue of a deed executed by Peralta on April 8, 1868, to George W. Dent and Thomas Wallace. At the time of the deed to Chipman and Aughinbaugh, Peralta's title rested upon the grant from the Mexican government, but its subsequent confirmation and patent by the government of the United States inured to the benefit of his grantees, and determined as well the validity of the grant as its boundaries. Admittedly, the land in dispute, which is marsh land, is within the patented lines, so that the real question in the case is whether it falls within the descriptive calls of the deed to Chipman and Aughinbaugh. The description

is: "All that tract or parcel of land situated in the township of San Antonio, and in the county of Contra Costa, and known by the name of Bolsa or Peninsula del Encinal, being part of the Rancho de San Antonio, and property of A. M. Peralta, granted, etc. . . . . Said Encinal is almost all surrounded by the sea water, having a single entrance or mouth on the northeast side. Said mouth or entrance is to be fenced and gated by said parties of the second part immediately (upon) taking possession, from the point or end of the San Leandro Slough, or Estero de San Leandro, to the point or end of San Antonio Slough, or Estero de San Antonio, a distance from point to point of about 1,000 yards, more or less, and said line for the fence run about 300 yards from the brick-yard house with the purpose of preventing the entrance of the cattle of said A. M. Peralta, and of his heirs, executors, or assigns, and for not doing so, said William W. Chipman and G. Aughinbaugh, their heirs or assigns, are bound to pay all damages unto said A. M. Peralta, his heirs, executors, or assigns."

Plaintiff's counsel objected to the introduction of this deed when offered by defendants, "upon the ground that it did not include the lands described in the complaint, as by its terms it only purported to convey the part of the bolsa or peninsula covered with oak timber, and in this connection offered to prove the following facts:—

"*First*—That at the time of the execution of the said deed, and prior thereto, it was supposed by the grantor and grantees of said deed that there was about 2,200 acres of high land upon the peninsula.

"*Second*—That shortly after said deed was executed, the grantees of said deed, in conveying one fourteenth of their interest, spoke of the amount as 140 acres of land, more or less.

"*Third*—That at the time of the execution of said deed, and prior thereto, it was understood by the grantor and grantees of said deed, and by all other persons in the neighborhood, when speaking of the 'Bolsa de Encinal,' that the high land, or land covered with oaks, only was meant, and not the salt marsh or tide lands on the peninsula.

"*Fourth*—That once in every twenty-four hours, and at high water large, the waters of the ocean came up within twenty feet

of the line between the firm land and the salt marsh and tide land on the south line of the land described in the complaint, along the line of segregation between the high land and the salt marsh and tide lands of the peninsula referred to and shown in defendant's Exhibit 'A,' and that has been so at all times from 1850 down to the present day.

"*Fifth*—That the high lands on the peninsula or bolsa were at the time of the execution of said deed, excepting a strip along the north side of the high land of about 300 feet wide, covered with oak trees, resembling a grove from a distance.

"*Sixth*—That the high land of the peninsula at the time of the execution of said deed was about 1,994 acres.

"*Seventh*—That the whole land on the peninsula, high land and salt marsh and tide land at that time, was something over 3,300 acres.

"*Eighth*—That all the land described in the complaint was salt marsh and tide land."

The defendants objected to each and all of the foregoing proofs as offered by plaintiff.

As is well said for respondents, the matters offered to be proved by the plaintiff would not go to the admissibility of the deed, but at most to its effect. For this reason the court below was right in overruling the objection to the introduction of the deed.

But treating the offer to prove the matters enumerated as made in rebuttal, the judgment should not be disturbed if the admission of such proof as was offered could not have affected the result. Parol evidence is never permitted to vary or contradict the terms of a written conveyance. While evidence is admissible of all the circumstances surrounding the maker of the instrument, parol evidence of other language, declaring his meaning, than that which is contained in the instrument itself, is not admissible. (1 Greenl. Ev. §§ 169, 287, 288). If, therefore, the language of the deed in question is unambiguous and admits of but one construction, it is obvious that no parol proof could be material to its construction.

It is said for the plaintiff that the deed by its terms only purported to convey the part of the bolsa or peninsula covered with oak timber. Clearly this is not so, for the deed in terms declares : "Said Encinal (that is, the Encinal previously referred to therein

as the Bolsa or Peninsula del Encinal) is almost all surrounded by the sea water, having a single entrance or mouth on the northeast side." The grantor having thus expressly declared in his written conveyance that the Bolsa or Peninsula del Encinal "is almost all surrounded by the sea water, having a single entrance on the northeast side," it is very clear that to permit parol proof, that at the time of the execution of the instrument he understood when speaking of the Bolsa del Encinal "that the high land or land covered with oaks only was meant," would be to permit the written instrument to be varied and contradicted by parol. A fortiori, as against the written declaration of the grantor, would the understanding of "all other persons in the neighborhood" be inadmissible.

But the intention of the grantor to convey by the deed all of the Bolsa or Peninsula del Encinal is, if possible, made still more manifest by the further provision contained in the deed that "said mouth or entrance is to be fenced and gated by said parties of the second part immediately (upon) taking possession, from the point or end of the San Leandro Slough or Estero de San Leandro, to the point or end of San Antonio Slough, or Estero de San Antonio, a distance from point to point of 1,000 yards, more or less, and said line for the fence (to) run about 300 yards from the brick-yard house, with the purpose of preventing the entrance of the cattle of said A. M. Peralta, and of his heirs, executors, or assigns, and for not doing so, said William W. Chipman and G. Aughinbaugh, their heirs or assigns, are bound to pay all damages," etc.

Nothing can be clearer we think from the language of the deed than that the land conveyed had for its boundaries the sea water and the line about 300 yards from the brick-yard house, and extending from the point or end of the San Leandro Slough to the point or end of San Antonio Slough.

In respect to the offered proof of quantity, it is sufficient to say that the deed contains no mention whatever of the quantity of land in the tract conveyed.

In our opinion there was no error in the ruling of the court below and therefore the judgment and order are affirmed.

McKinstry, J., and McKee, J., concurred.